UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO SOSA,<br>Petitioner,<br>v.<br>WARDEN CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | Case No. 1:26-cv-04728<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Before the Court is Petitioner Carlos Armando Sosa's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. *See* Dkt. No. 1. Though Petitioner accepts that his detention is correctly controlled by 8 U.S.C. § 1226(a), and that he received a bond hearing pursuant to that statute, he maintains that he was erroneously denied release on bond, and that his continued detention violates due process. *See id*. at 12–13. For the reasons that follow, the Court denies the petition without prejudice.

## I. BACKGROUND

Based on the parties' submissions, the Court finds the following facts. Petitioner is a native of El Salvador who entered the United States on December 25, 2025 pursuant to a B-2 visa. *Id*. at 11; Dkt. No. 7 at 17. His visa expired on June 24, 2025, and he subsequently filed for asylum, however, the record is not clear on whether this application was filed before or after his recent detention. Dkt. No. 7 at 17; Dkt. No. 1 at 11. Petitioner's wife and three children also live in the United States.

Petitioner was arrested for driving under the influence on March 9, 2026. Dkt. No. 7 at 14–15. ICE arrested Petitioner the following day at the Carson City Courthouse. *Id*. at 8. On May 28,



United States District Court
Eastern District of California

2026, Petitioner received a custody redetermination hearing before an Immigration Judge ("IJ") and was denied bond on a finding that Petitioner had "not met his burden to establish that he is not a danger to the community." *Id*. at 21. The IJ produced a written order in denying release, noting that Petitioner was "arrested for DUI in March 2026" and had "not submitted any evidence that the district attorney has dismissed his case or … a police report showing the underlying facts[.]" *Id*. The order further notes that Petitioner "asserted his 5th Amendment right to remain silent." *Id*. Accordingly the IJ found that "[g]iven the seriousness of the allegations and the recency of the charge, [Petitioner had] not met his burden to be released on bond." *Id*. Petitioner reserved his right to appeal the decision, however, neither party has indicated whether an appeal to the Board of Immigration Appeals ("BIA") has been filed.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Respondents oppose relief, arguing (1) that Petitioner is properly detained under 8 U.S.C. § 1226(a) and has received the process he is due under that statute, and (2) that he must exhaust his administrative remedies by appealing his bond order to the Board of Immigration Appeals ("BIA") before seeking relief in habeas. Dkt. No. 7 at 2–5. Petitioner filed two replies in response, noting

that exhaustion should be excused because the hearing he received was constitutionally inadequate given that the IJ placed the burden on Petitioner at the hearing. Dkt. No. 8 at 5–9; Dkt. No. 9-1 at 2–3. He requests that he be provided a renewed hearing at which the Government bears the burden of proof. Dkt. No. 8 at 9–10; Dkt. No. 1 at 14. For the reasons that follow, the Court finds that, to the extent Petitioner challenges the IJ's findings in his petition, he must exhaust his administrative remedies before seeking relief in this court. The Court further finds that Petitioner has not shown his continued detention under 8 U.S.C. § 1226(a) is unconstitutional.

**A. Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Nevertheless, even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the IJ's finding of dangerousness, the *Puga* factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision—specifically the IJ's dangerous finding—is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate

bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). As such, the Court turns to Petitioner's claims that his continued detention under 8 U.S.C. § 1226(a) violates his due process rights. *See* Dkt. No. 1 at 7.

**B. Due Process**

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond or releasing the individual on conditional parole. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge to challenge that finding. 8 C.F.R. § 236.1(d)(1). At the hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond by demonstrating that he "is [not] a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). If the immigration judge denies bond, the detainee may appeal the decision to the BIA. 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may then seek habeas relief in federal district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159–61 (9th Cir. 2011). Finally, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

Based on the record before the Court, Petitioner received the process to which he is entitled under 8 U.S.C. § 1226(a), including a bond hearing before an IJ. The fact that the IJ did not impose a clear and convincing standard on the Government during said hearing does not render Petitioner's detention unconstitutional. The Ninth Circuit has rejected the argument that due process requires the Government to justify detention under § 1226(a) by clear and convincing evidence as a general matter. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022); *see also*, *Peter P. v. Blanche*, No. 1:26-CV-03085-MWJS, 2026 WL 1593627, at *3 (E.D. Cal.

United States District Court
Eastern District of California

June 3, 2026) (noting that shifting the burden of proof to the Government in § 1226(a) bond hearings is not required per *Rodriguez Diaz*). And, to the extent Petitioner asserts that he is entitled to a second bond hearing, Petitioner does not demonstrate that his case is distinguishable from *Rodriguez Diaz* where the Ninth Circuit held that due process did not require a second bond hearing at which the government bears the burden of proof by clear and convincing evidence for a petitioner detained under § 1226(a) fourteen months after his first § 1226(a) hearing was held. *See id*. at 1203–14. This is particularly true where Petitioner received a bond hearing only four months ago and does not appear to have requested a further bond hearing based on changed circumstances. *See* 8 C.F.R. § 1003.19(e); *V.G.P. v. Warden of Golden State Annex Det. Facility*, No. 1:26-CV-05559-MWJS, 2026 WL 2150782, at 1 (E.D. Cal. July 27, 2026) (finding continued detention under § 1226(a) constitutional where petitioner has received bond hearing and had not requested a further hearing). Accordingly, Petitioner's continued detention under 8 U.S.C. § 1226(a) is constitutional.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a renewed habeas petition if his continued detention becomes unconstitutionally prolonged. The Clerk of Court is directed to enter judgment for Respondents and close this case. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: September 29, 2026

EDWARD J. DAVILA
United States District Judge